Dear Mr. Vial,
You have requested an opinion from this office as to (1) whether the Parish President of St. Charles Parish as an elected official is entitled to accumulate vacation time and to be paid for the accrued time, and (2) whether Attorney General Opinion 2000-0151 applies to the facts that have been presented for review.
Along with your request, you provided documentation including the St. Charles Parish Home Rule Charter and Rules and Regulations for Appointed Employees. In addition, the following facts were provided: The Parish President of St. Charles Parish was paid for eighty (80) days of unused vacation time upon leaving office. His term in office exceeded the 10-19 year requirement for the accumulation of twenty (20) days of vacation time. Even though the term served by the Parish President was not consecutive, you note that no provision or distinction for non-consecutive terms served by appointed employees is addressed in the provided documentation.[1]
This office has previously opined that unless the law authorizes the accumulation of leave, vacation days generally expire if not used.[2]
In the event the law is silent on accumulation, we must next look to the policies, customs, and/or practices of the "City."[3] Since the legislature has not preempted by statute the right of municipalities to govern their own annual leave benefits, the vacation allowance policy adopted by the governing authority of the City is binding upon the municipality.[4] *Page 2 
This office has consistently concluded that the leave policy can create a legal entitlement to benefits, but "it must be so consistently followed as to amount to custom."[5] It is reasoned that the leave policy is a tacit contract creating a property interest in leave benefits which cannot be eliminated by government with violation of due process of law.[6] However, if there is no established policy, there would be no contractual entitlement.[7]
In this situation, St. Charles Parish has adopted Rules and Regulations for Appointed Employees, which reflect the formal written policies relative to the accrual of and payment for vacation time. The rules and regulations provide in pertinent part:
 These rules and regulations shall govern the Parish President and all employees appointed by the Parish President to unclassified positions including, but not limited to, Chief Administrative Officer, Executive Secretary, Executive Assistants, Assistants to the Parish President, Directors, Assistant Directors, Superintendents, and Assistant Superintendents of each Parish Department. [emphasis added]
 *** PAYMENT OF VACATION LEAVE UPON SEPARATION Each employee upon separation from employment shall be paid the value of his accrued vacation leave in a lump sum. The Payment for such leave shall be computed as follows: When an employee is paid a bi-weekly salary, in accordance with provisions in the uniform pay plan for conversion to a working hourly rate, multiply his converted hourly rate by the number of hours accrued annual leave.
 No payment for vacation leave under this rule shall operate to continue the payee as an employee of the Parish President.
 *** Records The Chief Administrative Officer shall maintain the official leave records for all appointed employees. *Page 3 
As clearly stated in their Rules and Regulations, St. Charles Parish has provided specific guidelines to determine vacation, sick and special leave for all employees which include granting an employee payment of accrued vacation leave in a lump sum when the employee leaves employment. The policy unambiguously gives the Parish President the right to receive pay for accrued vacation for his years of service upon his separation from service. Therefore, in our opinion, the former Parish President of St. Charles Parish is entitled to be paid for all accrued vacation leave of record at the time of his employment ceased in accordance with the express terms of the Rules and Regulations for Appointed Employees, which according to the facts provided, amounts to eighty (80) days.
Additionally, in your request, you point out that Attorney General Opinion 2000-0151 may be applicable to the presented set of facts. In that opinion, the issue posed was whether it was legal to pay the previous Parish President of Ascension unused accrued vacation leave. Therein we concluded that the official vacation policy of the Ascension Parish Government entitled full-time employees to annual leave with pay upon separation from service. Because the President was considered a full-time official under the Home Rule charter, payment for unused accrued vacation leave was permissible. It was concluded that the outgoing Parish President was entitled to payment for unused vacation time accrued pursuant to the parish's formal written vacation policy.
It is correct that Opinion 2000-0151 dealt specifically with payment for unpaid accrued vacation leave for a Parish President upon separation from service. However, we cannot say that the foregoing opinion is applicable to this situation because Atty. Gen. Op. 2000-0151 was based on the Ascension Parish government's leave policy, and is therefore limited to that parish. While the result reached is the same, this opinion is based on a different set of policies of a different local government.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY:_____________________
 MERIDITH J. TRAHANT
 Assistant Attorney General
 JDC/MJT/ard
[1] While no specific provision for non-consecutive terms served by appointed employees is addressed in either the home rule charter or rules and regulations, it would be impossible for a Parish President to serve more that two (2) consecutive terms in office. The Home Rule Charter III, Section B entitled "The Parish President" provides that, "No person who shall have served two consecutive complete terms for the office of Parish President following the October 19, 1991 election authorizing this amendment shall be eligible to serve a third consecutive term for such office."
[2] Atty. Gen. Op. 00-0279, citing 92-0383.
[3] Id.
[4] Atty. Gen. Op. 91-0363.
[5] Atty. Gen. Ops. 90-0572 and 90-0397.
[6] Id.
[7] Id. Atty. Gen. Op. 96-0399 recognized the right of the City of Henderson to implement a formal policy authorizing the payment of accrued vacation leave to its mayor and city councilmen, provided that formal records were maintained to reflect that the leave was accrued and unused.